GibsoN, J.
delivered the opinion of the court.
I think it clear the defendant could not abandon tire levy while it remained in force. In delivering the opinion of the court, in Young v. Taylor, (2 Binn. 218.) it was thought by Mx*. Justice Yeates to be highly questionable, whether a plaintiff, after the defendant had been arrested, and discharged on giving security to apply for the benefit of the insolvent laws, could withdraw his ca. sa. and issue a fi.fa. without the leave of the court. The doubt, I presume, arose from considering the arrest as satisfaction till- the defendant should be finally discharged; and if it were, the assent of the court would perhaps not be a sufficient sanction for the issuing of a new writ. But in the case before us, such assent is of essential importance. The act of the 13th of April, 1807, declares that no ca. sa. shall be issued where the defendant shall have real or personal property to satisfy the debt. Now the return of a levy becomes matter of record which nothing but the judgment of the court can discharge. The plaintiff, at the risque of being answerable for a trespass, in case the defendant should be found to have had property, might have arrested him in the first instance ; but where, from *11 his own showing, there is at least prima facie evidence- of the existence of property,' it would be an abuse of the process-of the court, to permit him to abandon it, and resort to the person. It is unnecessary to determine whether a levy, while it is undisposed of by any further proceeding or order of-the court, is to-be considered as a discharge of the debt: while it remains in force, as it must necessarily be, till it is set aside, a ca. sa. must appear, on the very face of the proceedings, to be irregular on other grounds-; for while the defendant is ostensibly able to make satisfaction, by-Lis-property, it is the business of the court to see that he be not called, on to make satisfaction by his person. The better course here would have been to call on the defendant to show cause why the levy should not be set aside; and if, by reason of prior liens, it bad been found altogether worthless as a means of satisfaction, the rule would have been made absolute : after which the ca. sa. would-have been perfectly regular.
Judgment affirmed and execution reversed.