The opinion of the court was delivered by
Rogers, J.
In considering the questions raised by the plaintiff in error, I throw entirely out of view the agreement between Josiah Price and William Scott; for, however valid the agreement may be between themselves, they have not the power to affect the rights of John Scott and his creditors. They were not parties, and are not bound by the arrangement. Neither do I consider the fact that Price was not put into possession by the sheriff, as at all material. By the agreement between Price and Scott, Wilham Scott becomes the tenant of Price, and is as much in the possession of the property, as if the possession had been actually delivered by the sheriff himself. Surely the debtor may surrender the possession if he chooses.' He is not bound to enter into a lawsuit, nor make it necessary for the sheriff, by force, to transfer the possession. In this case, it was a transaction among relations; an amicable arrangement between them, by which at the end of the two years, and during the continuance of the lease, Price had the same remedy against Scott, that any other landlord has against his tenant. Thé question, then, fairly arises, whether a liberari facias, executed by the delivery of possession, be in Pennsylvania a satisfaction of the debt. In England, when an elegit is extended upon the land of the defendant, and returned filed, and possession delivered, it is a full satisfaction of the debt. And, so far was the doctrine carried, that it was formerly holden that the bare entry of a prayer of an elegit, upon the roll, was a bar to all executions. 2 Saund. 68, n. 1. 2 Com. Dig. Stat. Merch. sect. 49. p. 74. Co. Litt. 290. 2 Bac. tit. tit. Execution, 701. 7 Com. Dig. Stat. Staple, 371, New Ed.
It is unnecessary, in this state, to depend upon those principles of the English law, as the sale of- land, and proceedings under a liberari facias are regulated by our acts of assembly, and particularly the act of 1705. By the fourth section of that act, the sheriff is commanded ón a liberari facias to deliver to the plaintiff such part or parts of the lands, tenements, and hereditaments, as shall satisfy his debts, damages, and interest, from the time of the judgment given, with costs of suit, according to the valuation of twelve men; to hold to him as his free tenement, in satisfaction of his debt, damages, and costs, &c. The words and spirit of the *413 act of 1705, leave but little room for doubt, that possession delivered by the sheriff, or taken by consent of the parties, on a liberan facias, is a satisfaction of the debt.
It is contended, that the sheriff’s vendee takes the land discharged from the lien of the legacy; that the legatee must look to the proceeds of the sale, in the hands of the sheriff, for the amount of the legacy charged on the land. It has been strongly argued, that great inconvenience would result from making it the duty of the sheriff to pay incumbrances created by will. That there are inconveniences and risks attending this construction, must be admitted; but, on the other hand, there would be equal damage in making purchasers at sheriff’s sales run the risk of incumbrances, of which they had no notice. In whichever way the question is determined, we impose a burden, which will sometimes be attended with loss. There is great -danger of causing the sacrifice of the property of unfortunate debtors, by increasing the risks of purchasers at sheriff’s sale. Policy requires that the title should be in the hands of purchasers at judicial sales, as unfettered and untrammelled as possible. It best comports with public interest, that we should lessen, rather than increase their difficulties.
The sheriff is the officer of the law, selected for his intelligence, well paid for his trouble and responsibility, and in a situation much sought after. He has more capacity for, and better means of ascertaining the liens and incumbrances against the property, than purchasers at sheriff’s sale possibly can have. The sheriff may protect himself by care and attention; and when there is a doubt, the money may be brought into court, or an indemnity may be demanded.
This question seems to have created difficulty at an early day. It was considered at Nisi Prizes, by judges of great learning and experience, and it would ill become this court, without good reason, to depart from the law, so long and so well settled. In the case of Nicholls v. Postlethwaite, the question was, whether the legacies were a charge upon the land. The court having determined that these were a charge upon the testator’s real estate, ordered, as a matter of course, (as it would appear,) that the money in the sheriff’s hands should be first applied to the.payment of the legacies. 2 Dall. 131.
The authority of this ease has been since recognized in Gause v. Wiley, 4 Serg. & Rawle, 535. Justice Duncan says, (speaking of a legacy charged on land,) “ This charge operates as a judgment, and sheriffs, in the sale of land, are bound to take notice of it; for where lands, charged with a legacy, are sold as the estate of the devisee, the legatee was let in as a judgment creditor to recover out of the purchase money the amount of his legacy.” Nicholls v. Postlethwaite, 2 Dall. 131.
We have no doubt, that lands may be sold subject to legacies, and, that in such cases, the land goes into the hands of the sheriff’s *414 vendee charged with their payment. But, that it is so sold, should expressly'appear. It should be the clear understanding of all the parties, that the one sold and the other purchased subject to the lien. The intention of the parties would best appear by the conditions of the sheriff’s sale. No loose declarations, made at the time of the sale, or notice given of a subsisting lien, can amount to an agreement that the land should be sold subject to the lien of the legacy. It is the opinion of the court, that when land is sold by a sheriff, the sheriff’s vendee takes the land discharged of the lien of the legacy, unless it should expressly appear, that the land was sold subject to the legacy.
Judgment affirmed.