*IN THE*

# DISTRICT COURT

FOR THE

# CITY AND COUNTY OF PHILADELPHIA.

DECEMBER TERM 1835.

## COLEMAN v. MANSFIELD.

December 7, 1835.

*Rule to show cause why execution should not be set aside.*

An omission to recite the proceedings under a first execution in a second writ, although irregular, does not render the latter void.

If an execution issue for a larger amount than is due, it is not void, but the error will be rectified, on motion.

Where a plaintiff issues a *fieri facias*, levies on and obtains a condemnation of real estate for which the defendant has no title, and who at the time disclaims all title to the same, and the plaintiff thereupon abandons further proceedings on the *fieri facias* and issues a second *fieri facias*, the latter will not be set aside on the application of the *defendant*, on the ground that the plaintiff was bound to pursue his levy and condemnation on the first *fieri facias* by *venditioni exponas*.

The return "levied and condemned" to the first writ, is not, so far as the defendant is concerned, to be construed a satisfaction of the plaintiff's debt.

THE facts of this case were these, viz. :

On the 7th of May 1823, the plaintiff obtained judgment in this case, and on the same day sued out a *fieri facias*, which was indorsed, real debt 300 dollars, with certain interest, and costs 12 dollars

[Coleman v. Mansfield.]

18 cents. The sheriff made return to this writ that he had levied on certain personal property, and sold the same for 125 dollars 64 cents. An *alias fieri facias* was afterwards issued to September term 1830, for the *whole debt, interests and costs. Nulla bona* was returned to this. To September term 1833, another *fieri facias* was issued, under the name of *pluries fieri facias,* which, like the *alias,* claimed the *whole debt, interests and costs*; and, except an interlineation in the precept to the sheriff of the following words, " as *we have often* commanded you," contained no notice of the former writs, or the proceedings under them. This writ was levied on real estate as the property of the defendant, which was *condemned* by the sheriff's inquest, and return made accordingly by the sheriff. *At the time of this levy, the defendant came forward and disclaimed all title to the property levied on.* On the 27th of June 1835, the plaintiff sued out a fourth *fieri facias,* returnable the first Monday of July 1835, which was marked " *second pluries fieri facias.*" Like all the preceding executions, this claimed, in the body of the writ, the entire amount of the judgment, and was indorsed precisely as if nothing had been received on account either of the debt, interest or costs. The interlineation in the precept to the sheriff, " as we have often before commanded you," is found in this writ also ; but in all other respects, except the *teste* and return day, it was a transcript of the original *fieri facias.* Before, however, it was placed in the sheriff's hands, the plaintiff's attorney gave written directions to the sheriff, which were annexed to the writ, " credit the defendant with 54 dollars 14 cents as on June 13th, 1823 ;" this being the amount which, he said, was received from the sheriff out of the proceeds of the sale under the first execution. On the 29th of June 1835, the sheriff levied on a sloop, which is stated in his return to have been sold on the 7th of July 1835, for 700 dollars. On the day on which this levy was made, Joseph Mansfield gave notice in writing to the sheriff, that the sloop belonged to him, and not the defendant ; and accompanied this notice with an affidavit of himself and *the defendant* to that effect. This court met on the return day of July term, which was the 6th of the month, and also on the 8th, and then adjourned until the 25th. On this day the defendant obtained a rule to show cause why the last mentioned execution should not be set aside.

*Brewster,* for the rule, contended, that the second *pluries fieri facias* was void.

I.—H

[Coleman v. Mansfield.]

1. Because it contains no recital of what had been done under the preceding executions, and also claimed a larger amount than was due.

2. Because the *pluries fieri facias* to September term 1833, had been levied on real estate as the property of the defendant, and a condemnation had by the sheriff's inquest.

*Keemlé, contra.*

Authorities cited : 8 *Cowen* 194; 9 *Serg. & Rawle* 9 ; 1 *Penns. Rep.* 425 ; 3 *Bl. Comm.* 414 ; 4 *Dall.* 214 ; 17 *Serg. & Rawle* 436 ; 16 *Serg. & Rawle* 410 ; 7 *Cowen* 13, 413 ; 1 *Salk.* 318, 323 ; 12 *Serg. & Rawle* 41 ; 4 *Cowen* 417.

The opinion of the Court was delivered by

STROUD, J. (after stating the facts).—Where all the money is not levied on a *fieri facias,* the writ should be returned before a second execution is taken out, for that must be grounded upon the first, and should recite the proceedings under it. Ovyat *v.* Vyner, 1 *Salk.* 318 ; M'Michael *v.* Knapp, 7 *Conn.* 413. But the omission to recite the proceedings under the first writ does not render the second *void.* It was an irregularity only, and might have been amended upon seasonable application for this purpose to the court. M'Michael *v.* Knapp. Whether a larger sum was claimed by the second *pluries fieri facias* than was due, is altogether uncertain, so far as respects the amount of the judgment, exclusive of costs. It appears, however, that the same costs were indorsed on all the executions, and as the sheriff sold goods under the first writ to the value of 125 dollars 64 cents, of which the plaintiff asserts that he received but 54 dollars 14 cents, there can be but little doubt the costs were retained by the sheriff, as this accords with his usual practice. This is an error which the court would rectify in the distribution of the money, when brought into court : its existence could not make the writ void.

It is said, that inasmuch as the *pluries fieri facias* of September term 1833, had been levied on real estate, as the defendant's property, and a condemnation had upon it, the plaintiff was bound to issue a *venditioni exponas,* and ascertain whether his debt could be obtained from the sale. It is well settled that seizing goods in execution to the value of the debt, is a discharge of all responsibility on the part of the debtor, and a satisfaction of the judgment, whether the goods be sold or not ; Hunt *v.* Breading, 12 *Serg. & Rawle* 41,

[Coleman v. Mansfield.]

citing Clerk v. Withers, 1 *Salk.* 323, and other English authorities. Ex parte Lawrence, 4 *Cowen* 417 ; Jackson v. Bowen, 7 *Cowen* 13, are to the same effect ; and in Barnet v. Washebaugh, 16 *Serg. & Rawle* 410, it was ruled that a *liberari facias*, executed by the delivery of possession, is a satisfaction of the plaintiff's debt : and if a person be arrested under a *capias ad satisfaciendum*, no other process can be sued out against his lands or goods, unless he be discharged by operation of law. 3 *Bl. Comm.* 414 ; Freeman v. Ruston, 4 *Dall.* 214 ; Duncan v. Harris, 17 *Serg. & Rawle* 436.

The ground of these decisions is, that while these several writs are in force, they are considered as operating satisfaction to the party by whom they are issued. Whether a levy and condemnation under a *fieri facias* upon land, should be regarded in the same light, is a point not decided. Gross v. The Huntingdon Bank, 1 *Penns. Rep.* 425, 426. But it is decided that after a *fieri facias* has been levied on real property, and the property condemned, the plaintiff cannot abandon these proceedings and take out a *capias ad satisfaciendum* without leave of the court. Bank of Pennsylvania v. Latshaw, 9 *Serg. & Rawle* 9. All other writs of execution are obviously subject to the same rule. There can be no doubt, therefore, that the second *pluries fieri facias* was improperly issued.

But has the defendant a right to complain ? In the first place, at the time when the levy under the *pluries fieri facias* was made, he disclaimed all title to the real estate levied upon. We have no information whether this disclaimer was communicated by the sheriff's officer to the plaintiff before or after the condemnation by the inquest. If not till afterwards, and the plaintiff on this account refrained from further proceeding by a sale of the property, and in lieu of this resorted to the second *pluries fieri facias*, is it competent to the defendant to object, on the sole ground that the levy and condemnation having taken place under the *pluries fieri facias*, it was incumbent on the plaintiff to issue a *venditioni exponas*, and effect a sale ? In the face of such a disclaimer, it would be against the plainest principles of justice to permit him to be heard. In the Ontario Bank v. Hallett, 8 *Cowen* 194, Woodworth, J., delivering the opinion of the court, says : " Whatever may have been the state of the title, it can never be permitted to a defendant *who denies that he is the owner of property levied on*, to take the benefit of the rule which considers the levy on sufficient property unquestionably belonging to the defendant, a satisfaction of the execution." Without doubt, if a levy be made on personal property sufficient to pay

[Coleman v. Mansfield.]

the debt, and the plaintiff, at the instance of the defendant, authorises the sheriff to release the goods, the defendant cannot avail himself of the doctrine that such a levy is equivalent to satisfaction.  This was the very point of Duncan *v.* Harris, before cited, and the wonder is that a court in the last resort should have been called upon to review such a decision.  A disclaimer of title to the property levied upon, and a release of goods after a levy, ought equally to estop a defendant from objecting to subsequent proceedings of the plaintiff.

Again : on the day on which the second *pluries fieri facias* was levied on the sloop which has been sold, Joseph Mansfield gave notice in writing to the sheriff that the sloop belonged to him, and *not* to the defendant, and both he and *the defendant* made affidavit to the same effect.  If then, the sloop was not his, the defendant has not been injured by the sale of it, on the contrary, he has been benefited, inasmuch as the judgment against him has been fully satisfied by the sale of another man's goods.  The familiar principle that no one can assign for error that which is for his advantage, may therefore be properly invoked as an additional answer to the present application.

Rule discharged.

