# Aulenbaugh *against* Umbehauer.

A sheriff is bound by the statute to sell the debtor's interest in real estate levied, whatever it may be, without terms or condition affecting the title.

ERROR to the common pleas of *Berks* county.

Ejectment. Daniel Umbehauer and Henry Umbehauer against Andrew Aulenbaugh. The land in dispute was the estate of Francis Umbehauer, who died intestate, leaving a widow and issue seven children. The title of all the children became vested in Peter Umbehauer, by conveyances. Andrew and Jacob Aulenbaugh obtained a judgment against Peter Umbehauer, upon which an execution issued, and the land was levied on, and upon a *venditioni exponas*, the sheriff sold the same to Andrew Aulenbaugh, expressly " subject to the payment of 506 dollars, the interest to be paid yearly unto the widow and relict of Francis Umbehauer, deceased, and after her decease, the principal to be paid to the legal representatives of said deceased." And the sheriff's deed conveyed the land subject to the same condition. After the death of the widow, this ejectment was brought by two of the "legal representatives" of Francis Umbehauer, to enforce the payment of their share of the said principal sum of 506 dollars. And the court below instructed the jury that the plaintiff's were entitled to recover. The jury found a verdict for the plaintiffs, to be released upon the payment of 300 dollars 74 cents in six months.

*Smith* for plaintiffs in error.—Plaintiffs are not entitled to recover the land, or any part of it, for the sheriff could not create a lien on the land, which was no lien before; 7 *Watts* 59; Helman *v.* Helman, 4 *Rawle* 448; Reigel *v.* Sieger, 2 *Penn. Rep.* 340. The plaintiffs in the judgment against Peter Umbehauer were the real

purchasers at sheriff's sale; their title relates back to the date of the judgment, 22d April, 1816.   Daniel Umbehauer and Henry Umbehauer, plaintiffs in the ejectment, had conveyed absolutely to Peter Umbehauer by their deed dated 4th February, 1817, recorded 30th November, 1829; and after that, no ejectment could be sustained by them; Kauffman *v.* Kauffman, 2 *Wharton* 139; Pidcock *v.* Bye, 3 *Rawle* 183.

*Filbert* and *Davis* for defendants in error.—Francis Umbehauer, the father of the plaintiffs, died in 1812, intestate; and between that year and 1820, a family arrangement was entered into, whereby Peter Umbehauer was to have the land of which intestate died seised, and was to pay the debts; and no proceedings, therefore, were had in the orphans' court to make partition.   An ineffectual attempt was made 9th October, 1812, to sell the land; the conditions of sale were signed by but five out of seven heirs; and although the land at that sale was struck off to Peter and Henry Umbehauer, who signed the agreement to pay 1180 pounds for it, yet that agreement never was executed; and Philip, Abraham, Henry and Daniel Umbehauer afterwards conveyed by deed of 4th February, 1817, to Peter Umbehauer for 842 pounds 17 shillings 1 penny; and Benjamin Stump and wife afterwards conveyed to Peter by deed of 22d January, 1818, for 168 pounds 11 shillings 5 pence; and Philip Seiler and Sybil, his wife, conveyed to Peter by deed dated 3d June, 1830, for 299 dollars 19 cents.

Thus Peter Umbehauer became the owner of the land, and we contend that the testimony of witnesses and reservations in sheriff's deed, and endorsement on conditions of sheriff's sale, show that he held the land in trust to pay the debts due by Francis Umbehauer, and to distribute the balance amongst the heirs and widows; that balance was 1518 dollars, and one-third of it, 506 dollars, was due at the widow's death, to wit, April, 1821.   This ejectment is brought to recover the plaintiff's two-fifths of that one-third, with interest.

The lien, we say, was not created by the sheriff; it had an existence at the time of the sheriff's sale, and defendants, Andrew Aulenbaugh and Jacob Aulenbaugh's heirs, are estopped from denying it by the conditions of sale, and by the reservation in the deed staring them distinctly, clearly and broadly in the face; they bought subject to the lien, and the sheriff sold subject thereto with the consent of all parties interested, and this he had a right to do; Barnet *v.* Weshebaugh, 16 *Serg. & Rawle* 410; Twelves *v.* Williams, 3 *Wharton* 492; Helman *v.* Helman, 4 *Rawle* 448; Nurse *v.* Fetterman, 13 *Serg. & Rawle* 171; Ripple *v.* Ripple, 1 *Rawle* 386; Medler *v.* Aulenbach, 2 *Penn. Rep.* 355; Fisher *v.* Kearn, 1 *Watts* 259; Wynn *v.* Brooke, 5 *Rawle* 108.

In Pennsylvania recourse has necessarily been had to an action of ejectment to execute a trust, and it has been, therefore, likened

[Aulenbaugh v. Umbehauer.]

to a bill in equity; and sitting as a court of chancery, we contend that your Honors would sustain the present action; the jury have found the lien to have existed—the defendant is without any equity at all; and although, in Megarge *v.* Saul, in 3 *Wharton*, this court held that ejectment would not lie, it was *because there was no lien;* and the courts have, in cases similar to the present, sustained ejectment; Muse *v.* Fetterman, 13 *Serg. & Rawle* 171; Galbraith *v.* Fenton, 3 *Serg. & Rawle* 361; Ripple *v.* Ripple, 1 *Rawle* 386; Brown *v.* Dissinger, *Ibid.* 408; Gilbert *v.* Hoffman, 2 *Watts* 66; Eshelman *v.* Witmer, *Ibid.* 263; Kisler *v.* Kisler, *Ibid.* 325; Knaub *v.* Esseek, *Ibid.* 282. Ejectment is said to be the proper mode of enforcing the payment of instalments due on a mortgage.

The case of Riegel *v.* Sieger, 2 *Penn. Rep.*, is not in point, because in that case it was held there was no lien—it had merged; and although it was ruled, in Pidcock *v.* Bye and Kauffman *v.* Kauffman, that case would lie to enforce a lien on land, it was under the peculiar circumstances of those cases. And both Tilghman C. J. and Gibson J., in Galbraith *v.* Fenton, expressly say, that " if a lien was created on the land, there is no doubt its payment can be enforced by ejectment; and that is the most convenient way of procuring payment from the proceeds of the real estate."

PER CURIAM.—This case was ruled in direct opposition to the principle of Reigle *v.* Seiger, that the sheriff is bound by the statute to sell the debtor's interest, whatever it may be, without terms or condition. What business had he, in this instance, to liquidate and reserve the widow's interest, as if the law were incompetent to preserve it without his assistance? The endorsement on the conditions of sale, if not palpably illegal, gave her no new remedy nor any new right; and the deed made in conformity to it, vested no title in any one but the purchaser. This species of interference is not only uncalled for, but productive of perplexity to the parties and prejudice to the sale; of which Reigle *v.* Sciger is a pregnant proof. It happily seems to be peculiar to a single county; and the officer, if it be persisted in, may one day be awakened to its illegality, even there, by a special action on the case. We advise that it be discontinued.

Judgment reversed.