# Umbehauer *against* Aulenbaugh.

A sheriff has no power to impose conditions of sale by which the estate sold shall be encumbered in the hands of the purchaser; and although a sale and conveyance be made of land by the sheriff subject to terms imposed by him, they are not obligatory upon the purchaser.

ERROR to the Common Pleas of *Berks* county.

Daniel Umbehauer and Henry Umbehauer against Andrew Aulenbaugh. Ejectment. For the former report of this case see 8 *Watts* 48. The facts upon this trial were precisely the same; and it was brought up for the purpose of getting this court to review their former decision, and was again argued by

*Filbert,* for plaintiff in error.
*Smith,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—This case is presented to us in precisely the same form that it was when here on a former writ of error. 8 *Watts* 48). No new question has been raised, and we are clearly of opinion that the plaintiffs have shown no such title as will enable them to recover the possession of the land, with a view to enforce payment of the money claimed by them from the defendants, as the tenants of the land in question. In the first place, it may be observed, that no evidence appears to have been given in the cause, which goes to show that the money demanded by the plaintiffs, was due to them from Peter Umbehauer, as part of the consideration money for which they conveyed their interest in the land to him. By the deed of the plaintiffs, conveying the land in question to Peter Umbehauer, the whole of the consideration money therein mentioned, appears to have been paid before the execution of the deed. This, it is true, is only *primâ facie* evidence of its having been paid, and was therefore liable to be repelled by other evidence; but no such evidence appears to have been given. Supposing, however, that it had, what would have been the effect of it? Surely it cannot be argued with success, that it would have entitled the plaintiffs to be paid their claim in preference to the creditors of Peter, who, by virtue of their judgments against him, had acquired liens for the amount of their respective claims upon the land. To permit the plaintiffs to claim a preference in such case, would be permitting them to practise a fraud upon the judgment creditors; because the plaintiffs, having conveyed absolutely all their right, title and interest in the land to Peter, without any qualification or condition whatever, and without taking any thing from him, and placing it on record, to show that he was indebted to them for the consideration money of the land, or any portion thereof, enabled Peter to hold himself out to the world, as the unencumbered owner of all the interest that did belong to them in the land, and thereby to gain credit, upon the faith of his being so, with those who recovered judgments against him. And here it would seem that Peter did gain credit, even exceeding the whole value of the interest conveyed to him, by the plaintiffs, in the land; for the money arising from the sale made of it by the sheriff, did not satisfy the amount of the debt coming to the plaintiffs in the execution, under which it was sold, by $400 and upwards; and besides this, it is said there were other judgments against Peter, which bound the land. Now, it is probable that the land would have brought $400 or $500 more than it did, if it had not been for the highly improper conduct of the sheriff, in selling it subject to claims, the validity of which it was not his province to judge of, and upon which he was doubtless wholly incompetent to decide. It was certainly a great error on the part of the sheriff to clog his sale with claims that he had no concern with whatever; and such, if they existed at all, as the

[Umbehauer v. Aulenbaugh.]

purchaser ought to have been left to decide on for himself, without the interposition of the sheriff. The conduct of the latter, in this case, no doubt produced a loss to the creditors of Peter Umbehauer, which goes to show the impropriety of such interference on the part of the sheriff, in a way that cannot be repelled or justified. The widow, had she continued to live after the sheriff's sale, might, perhaps, have had a claim upon the land, which she could have enforced against the purchaser, as it does not appear that she ever parted with her right to it under the intestate Act. But it does not follow, that because she might have had such claim, the plaintiffs here, as heirs of the same intestate, must also have claims that may be enforced; for either, without the other, could release or dispose of the claims which they originally derived from the intestate to the land; and in this case it appears that the plaintiffs did dispose of all their right in it to their brother, Peter Umbehauer, as whose estate it was taken in execution and sold to the defendants, whereby they became invested with all the right which the plaintiffs ever had thereto.

Judgment affirmed.